UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS CROCKER,

    **Plaintiff,**

v.                                                                                               Case No: 5:20-cv-568-CEM-PRL

USP 1 COLEMAN,

    **Defendant.**

## SCHEDULING ORDER

Plaintiff is proceeding *pro se,* on his Amended Complaint. (Doc. 22). The Defendant has filed an Answer to the Amended Complaint. (Doc. 36). Although there has been no case management report filed in this case, the Court sets the schedule for completion of discovery and pre-trial procedures and trial as follows: All discovery[1] shall be completed on or before **April 11, 2022**. The parties are cautioned and reminded that this discovery deadline represents the latest date upon which discovery responses are due. Because a party generally has 30 days to respond to a discovery request (*see, e.g.*, Federal Rules of Civil Procedure 33, 34, & 36), this means that in order for a discovery request to be timely made the requesting party must give him or herself ample time (typically at least 30 days) to serve the discovery on the responding party *before the discovery deadline* so that the responding party has the full time to respond.[2]

---

[1] Discovery is the process by which the parties request and obtain information from each other regarding their claims and defenses. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and should generally be conducted without the Court's involvement.

[2] As explained in the Middle District of Florida's Discovery Handbook (see https://www.flmd.uscourts.gov/civil-discovery-handbook): "The Court follows the rule that the completion date means that *all discovery must be completed by that date*. For example, interrogatories must be served *more than thirty days prior to the completion date* to permit the opposing party to respond

Any motions to compel discovery shall be filed on or before **April 25, 2022**. The parties are reminded that they should provide sufficient information about the request, the objection, and why the motion should be granted (i.e., why the answer or response should be provided).

Lastly, when engaging in discovery the parties are further cautioned and reminded that discovery requests should be tailored to the needs of each case.

> A party should tailor discovery requests to the needs of each case. The content of the requests should apply to the particular case, and the form of discovery requested should be the one best suited to obtain the information sought. In each case a party should carefully determine which discovery methods will achieve the discovery goal of obtaining useful information as efficiently and inexpensively as possible for everyone concerned.

*See* M.D. Fla. Discovery Handbook § 1.C.3.

Costs for any requested discovery are borne by the party making the request. The Middle District of Florida's *Guide for Proceeding Without a Lawyer* (which can be found on the Court's website: https://www.flmd.uscourts.gov/litigants-without-lawyers) provides some guidance on the forms of discovery:

> A party can get facts from another party by asking for them. There are several ways to do this:
>
> - Interrogatory. An interrogatory is a written question to the other party for information that will prove or disprove a fact.
>
> - Request for Production. A request for production is a written request to the other party for a copy of a document or access to any other tangible thing that will prove or disprove a fact.

---

before the discovery deadline. Untimely discovery requests are subject to objection on that basis." M.D. Fla. Discovery Handbook § 1.F.

- Deposition[3]. A deposition is an in-person, recorded, question-and-answer event used by a party to ask the other party or a witness questions about the facts surrounding the case. A party seeking the deposition of another party may do so by serving an advance notice of its time and place. A party seeking the deposition of a non-party may do so by requesting a subpoena from the clerk's office and serving the summons on the non-party. The party setting the deposition hires and pays for a court reporter to transcribe the deposition. Depositions are governed by Rules 26, 30, 31, 32, and 33 of the Federal Rules of Civil Procedure.

- Request for Admission. A request for an admission is just that—a written request to another party asking him or her to admit a specific fact important to proving a claim or narrowing the issues in the lawsuit.

Generally, with respect to discovery requests, the *Guide for Proceeding Without a Lawyer* summarizes the Court's practice. Notably, parties should not file discovery documents with the court unless they are used during a hearing or at trial, they are necessary for a motion (such as a motion to compel discovery or for summary judgment), or the court orders them to be filed.

1. The Court grants counsel for Defendant(s) permission to depose Plaintiff. Fed. R. Civ. P. 30(a)(2)(B); 31(a)(2)(B). Counsel must contact the warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

---

[3] Rule 30 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) addresses the taking of a deposition by oral examination. This is typically an "in-person, recorded, question-and-answer event." Unless otherwise stipulated by the parties (*see, e.g.,* Fed. R. Civ. P. 29), a *plaintiff* must pay for the costs of any deposition, including its recording by an officer as defined in Fed. R. Civ. P. 28. *See, e.g., Wright v. United States*, 948 F. Supp. 61, 62 (M.D. Fla. 1996) (a plaintiff proceeding *in forma pauperis* must pay for the costs of discovery initiated by him). A plaintiff is also responsible for properly scheduling the deposition (i.e., coordinating with the facility where he is housed), coordinating with opposing counsel, providing notice to the deponent (the person to be deposed), obtaining leave of Court for certain witnesses as required by the Rules, and obtaining subpoenas for witnesses as required. A deposition could also be taken by written questions, but a plaintiff is still responsible for coordinating it and paying for the cost, including arranging an officer before whom the answers would be provided. Fed. R. Civ. P. 31. If a plaintiff is unable to pay the costs of either an oral or written deposition, he may not take one. The other discovery methods noted above may be more cost-effective tools.

2. The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for Defendant(s) or the pro se Plaintiff cannot respond on time, this fact should be communicated to opposing counsel or the opposing party. If consent to an extension of time to a specific discovery request cannot be obtained, a motion requesting one should be immediately filed and served. However, only the Court can extend the discovery completion deadline set forth in this Order. The filing of a motion to extend the discovery completion deadline, even if stipulated, does not toll the deadline.

3. The parties are advised that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Before filing any motion relating to discovery, pursuant to Local Rule 3.01(g), "the movant must confer with the opposing party in a good faith effort to resolve the motion." If the parties are unable to resolve the discovery dispute, the movant may file a motion with the appropriate certification pursuant to Local Rule 3.01(g)(2). See also Fed. R. Civ. P. 37(a)(1) (requiring a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

4. All dispositive motions, such as a motion to dismiss or for summary judgment, shall be filed by **July 11, 2022.**

5. You must timely respond to any motion filed by each defendant or respondent. Unless otherwise ordered by the Court, under Local Rule 3.01(c) you have **21 days** to file a response to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, for a new trial, or to alter or amend the judgment. If you miss a filing deadline, you must file a motion asking the Court to allow you to file your

response late. If you do not respond to a motion, the Court will assume that you do not oppose the relief requested in the motion.

6. In the event a motion for summary judgment is denied, and the case is postured for trial, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement" within 21 DAYS** from the date the Order denying summary judgment is entered. The Pretrial Narrative Statement shall contain:

(a) A brief general statement of the case;

(b) A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

(c) A list of all exhibits to be offered into evidence at the trial of the case;

(d) A list of the full names and addresses and places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

(e) A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

(f) A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

(g) Notification to the Court of which inmate witnesses are on death row, if any.

**Plaintiff shall serve a copy of this in accordance with paragraph 7**.

7. On or before **14 DAYS** from the date Plaintiff files a Pretrial Narrative Statement, Defendant(s) shall file and serve upon Plaintiff a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraph 3 (a) through (g).

8. Failure of the Parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the Court

determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

9. **If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph 6 of this order, paragraph 7 of this order shall be inoperative and Defendant(s) shall notify the Court of Plaintiff's failure to comply within 14 DAYS of such failure.**

10. Plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

11. The parties are always encouraged to discuss the possibility of settlement and to notify the Court if their efforts are successful. In doing so, the parties are encouraged to maintain a realistic approach in making or considering any settlement offers.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 12th day of January 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record